# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-7118**

**September Term, 2024**

FILED ON: FEBRUARY 18, 2025

CAPITOL SERVICES MANAGEMENT INC.,
APPELLANT

v.

VESTA CORPORATION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-01756)

Before: SRINIVASAN, *Chief Judge*, WALKER, *Circuit Judge*, and ROGERS, *Senior Circuit Judge*

## J U D G M E N T

We considered this appeal on the record before the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's grant of summary judgment be **AFFIRMED**.

\* \* \*

Vesta Corporation began managing an apartment complex in January 2014. In March 2014, the property's owner replaced Vesta with Capitol Services Management, Inc. Then, in May 2014, the property changed hands, and the new owner reverted to Vesta.

Capitol Services promptly sued the new owner, the D.C. government, for terminating its contract. That case languished for nearly three years in D.C. Superior Court until Capitol Services finally lost in May 2017. Undeterred, Capitol Services brought a new suit in federal court on August 28, 2017 — this time against Vesta — alleging tortious interference with business or contractual relations and tortious interference with prospective economic advantage.

Capitol Services' claims against Vesta are subject to a three-year statute of limitations — meaning the suit is time barred if Capitol Services was on notice of its claims before August 28, 2014. *See* D.C. Code § 12-301(a)(8); *Beard v. Edmondson & Gallagher*, 790 A.2d 541, 546 (D.C. 2002); *Carr v. Brown*, 395 A.2d 79, 83-84 (D.C. 1978).[1]

The district court initially dismissed the case, holding that the suit was time barred. *Capitol Services Management, Inc. v. Vesta Corp.*, 318 F. Supp. 3d 265, 270 (D.D.C. 2018) (*Vesta I*). But on appeal, this court reversed and remanded because there was "an open factual question": Did Capitol Services acquire inquiry notice of Vesta's alleged wrongdoing before August 28, 2014? *Capitol Services Management, Inc. v. Vesta Corp.*, 933 F.3d 784, 793, 795 (D.C. Cir. 2019) (*Vesta II*).

After limited discovery on remand, the district court concluded that Capitol Services had inquiry notice before August 28, 2014, so it granted summary judgment for Vesta. Capitol Services appealed.

We affirm. For starters, Capitol Services' Senior Vice President of Operations — and corporate designee in this litigation — received an email on April 28, 2014, indicating that some "ring leaders" were "trying to get [Capitol Services] . . . out" of the apartment complex and were "working behind the scene [sic] with and for Vesta" to that end. JA 253. In addition, on April 2, 2014, Vesta sent a letter to the property's tenants, directing them to continue paying rent to Vesta — even though Vesta was no longer the property manager. JA 247. By April 4, 2014, Capitol Services had learned of that unusual letter and responded to it, accusing Vesta of providing "misleading information." *Id.* at 250-51; *see also id.* at 118-20 (deposition of Capitol Services' corporate designee) (acknowledging that it was "[n]ot at all" "normal for" "a property management company [that] no longer manages a particular property" to direct tenants to continue paying it rent).

These two facts strongly suggest Capitol Services' inquiry notice of Vesta's alleged interference with Capitol Services' management of the property in April 2014 — well before August 28, 2014. *See Yerrell v. EMJ Realty Co.*, 281 A.3d 594, 599 (D.C. 2022); *BDO Seidman, LLP v. Morgan, Lewis & Bockius LLP*, 89 A.3d 492, 500-01 (D.C. 2014); *see also Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004) ("knowledge is deemed sufficient" for inquiry notice "if the plaintiff has reason to *suspect* that the defendant did *something* wrong, even if the full extent of the wrongdoing is not yet known" (emphases added)); *Diamond v. Davis*, 680 A.2d 364, 394 (D.C. 1996) (Ferren, J., concurring in the result and dissenting in part) ("Mere hints, suspicions, hunches or rumors can . . . put[] a plaintiff on inquiry notice." (cleaned up)).[2]

---

[1] We assume, without deciding, that the discovery rule tolled the statute of limitations until Capitol Services obtained inquiry notice. *But see* Appellee Br. 38-44.

[2] Inquiry notice arises when a plaintiff becomes aware of facts "sufficient to trigger the obligation to make a reasonable investigation into the possible existence of a cause of action." *Brin v. S.E.W. Investors*, 902 A.2d 784, 794 (D.C. 2006); *see also Drake v. McNair*, 993 A.2d 607, 617 (D.C. 2010) ("The critical

Capitol Services also received an email indicating that Vesta was collaborating with the District in this effort. On August 13, 2014, the building's former owner sent an email to various District officials and forwarded it to Capitol Services' representative. JA 242-43. The email asserted that a District employee had a longstanding relationship with Vesta and accused him of working "on behalf of Vest[a]." *Id.* at 242. At that point, Capitol Services plainly was on inquiry notice of Vesta's alleged desire to interfere with its contract and of its alleged means of doing so — i.e., by working with the District.

Capitol Services offers no persuasive response to these key facts that emerged during discovery. Instead, Capitol Services relies on the wording of our previous opinion to suggest that the district court disregarded the law of the case. Not so. Our court held that Rule 12(b)(6) dismissal was premature because "[w]hen exactly . . . Capitol Services was on inquiry notice of Vesta's alleged role [wa]s an unresolved factual question on [the limited] record" at the time. *Vesta II*, 933 F.3d at 789. The district court properly resolved that question on remand.

True, our earlier opinion did say that "Capitol Services was not on . . . inquiry notice in either May or July of 2014." *Id.* at 793 (emphasis omitted). But that statement was based only on what "the limited record show[ed] at th[e] Rule 12(b)(6) stage." *Id.*; *see generally* Joint Appendix (filed Feb. 22, 2019), No. 18-7135, *Vesta II*, 933 F.3d 784 (limited record at Rule 12(b)(6) stage did not contain the April 2014 correspondence noted above). That pleading-stage conclusion does not govern this summary-judgment appeal, which we consider on an expanded record. *See* Bryan A. Garner et. al., *The Law of Judicial Precedent* 480 (2016) (the law of the case does not apply when "the court is presented with new evidence that undermines the rationale for the earlier decision"). Indeed, our earlier opinion remanded to the district court to *decide* the "open factual question" of when "Capitol Services had inquiry notice of Vesta's potential role" — and that's exactly what the district court did. *See Vesta II*, 933 F.3d at 793, 795.

Because the evidence at summary judgment shows that Capitol Services filed its suit too late, we **AFFIRM** the district court.

*       *       *

---

question in assessing the existence of inquiry notice is whether the plaintiff exercised reasonable diligence under the circumstances in acting or failing to act on whatever information was available to him." (cleaned up)). A reasonable investigation, however, may take some time to reveal facts necessary to bring a cause of action. So in theory, Capitol Services' suit could have been timely even if Capitol Services knew enough to inquire into Vesta's alleged wrongdoing in, say, April 2014 — so long as (1) Capitol Services "move[d] promptly and with reasonable diligence to inquire further into the matter" and (2) was still unable to learn enough about Vesta's alleged wrongdoing to file suit before August 28, 2014. *Drake*, 993 A.2d at 617 (cleaned up). If *that* were Capitol Services' theory, then the adequacy of Capitol Services' investigation could have been a material-fact question. And Capitol Services could have argued that a trial is necessary to decide that question. But we do not understand Capitol Services to make this argument.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/

Daniel J. Reidy
Deputy Clerk